UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DAINA JAMES WAGNER,** | } |
| Petitioner, | } |
| v. | } Case No.: 2:15-cv-08014-RDP |
| | } (2:13-cr-00120-RDP-HGD) |
| **UNITED STATES OF AMERICA,** | } |
| Respondent. | } |

**MEMORANDUM OPINION**

This case is before the court on Petitioner Daina James Wagner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civil Docket, Doc. # 1)[1] and Petitioner's Motion Seeking Leave to Amend § 2255 Motion (*Id.*, Doc. # 25). The Government has responded to Petitioner's motion to vacate (*Id.*, Doc. # 12), and Petitioner has replied to the Government's response (*Id.*, Docs. # 15, 16). Petitioner has filed a supplemental motion to vacate with additional claims. (*Id.*, Doc. # 17). After careful review, and for the reasons explained below, Petitioner's motion to amend is due to be granted and his motion to vacate is due to be denied as untimely.

**I.  Procedural History and Background**

In March 2013, a grand jury charged Petitioner with one count of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2), one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of possessing child pornography with intent to view, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Criminal Docket, Doc. # 7).

---

[1] This memorandum opinion and the accompanying order refer to Case No. 2:15-cv-08014-RDP as the "Civil Docket" and Case No. 2:13-cr-00120-RDP-HGD as the "Criminal Docket."

In June 2013, Petitioner entered into a plea agreement. (*Id.*, Doc. # 26). Petitioner agreed to plead guilty to receiving child pornography, and the Government agreed to dismiss the other counts against him. (*Id.* at 1). The plea agreement included a factual basis, and Petitioner stipulated to the substantial accuracy of its statements. (*Id.* at 2-5).

According to the plea agreement, a law enforcement officer discovered an account on a file sharing program that shared images of child pornography. (*Id.* at 2). The officer downloaded images from the file sharing account that were "available to anyone on the internet with the publicly available [peer to peer] software program." (*Id.* at 2-3). Law enforcement agents obtained a search warrant for Petitioner's residence and seized computers and hard drives from the residence. (*Id.* at 3-4). On the computer media, "[a]gents found images that depicted children under the age of twelve years old engaged in sexual conduct. Law enforcement agents located one hundred sixty-one (161) .avi video files, four hundred twenty-eight (428) .jpg image files and thirty-nine (39) .mpg files that contained terminology related to child pornography." (*Id.* at 4). The agents determined that Petitioner received the images between March 2012 and March 2013. (*Id.*).

The factual basis described two specific images of child pornography possessed by Petitioner. (*See id.* at 4-5). "Law enforcement agents confirmed that these images traveled in interstate commerce via the internet." (*Id.* at 5). Finally, the factual basis affirmed that (1) the images depicted "real children engaged in sexually explicit conduct" and (2) "[t]he images of child pornography received by the defendant traveled in interstate and foreign commerce, via the internet." (*Id.* at 5). Petitioner signed the factual basis and stipulated to the accuracy of its facts. (*Id.*).

Petitioner's plea agreement included a waiver of certain appeal rights and habeas rights. (*Id.* at 11). Petitioner waived his right to appeal the conviction, sentence, fines, restitution, and forfeiture imposed by the court. (*Id.*). Moreover, with certain exceptions, Petitioner waived the right to contest his conviction or sentence in any post-conviction proceeding, including a motion to vacate under Section 2255. (*Id.*). Petitioner retained the right to challenge (1) a sentence above the applicable statutory maximum, (2) a sentence above the Sentencing Guidelines range determined by the court, or (3) any ineffective assistance of counsel claim. (*Id.* at 11-12). Petitioner affirmed that he understood the waiver and that he knowingly entered into the waiver. (*Id.* at 12). The court accepted Petitioner's guilty plea to receiving child pornography and adjudged him guilty of Count 2 in the indictment. (*Id.*, Minute Entry dated June 25, 2013).

Petitioner's counsel filed several objections to the Presentence Report's recommended Sentencing Guidelines calculation. (*See id.*, Docs. # 35-36). On November 14, 2013, the court overruled Petitioner's objections to the guidelines range calculated by the probation office. (*See id.*, Minute Entry dated Nov. 14, 2013). The court varied downwards from the guidelines range and sentenced Petitioner to 97 months' imprisonment. (*Id.*). The court issued a judgment in Petitioner's criminal case on November 19, 2013. (*Id.*, Doc. # 42). Petitioner did not file a notice of appeal. (*See generally* Criminal Docket).

In July 2015, Petitioner filed this motion to vacate. (Civil Docket, Doc. # 1). Petitioner's motion to vacate claims that: (1) he received ineffective assistance from his attorneys because they failed to object to an unlawful search of his computer, move to suppress evidence from that computer, or file a notice of appeal; (2) his custodial and supervised release sentences violate the Fifth and Eighth Amendments of the Constitution; (3) the court violated his Fifth and Sixth Amendment rights by failing to inform him that he would need to register as a sex offender; and

(4) he is actually innocent of committing a federal offense because the offense was committed within the state's jurisdiction. (*Id.* at 4-8). Specifically, Petitioner argues that the law under which he was convicted exceeded Congress's authority under the Commerce Clause and the Necessary and Proper Clause in Article I of the Constitution and, thus, violated the Tenth Amendment. (*Id.* at 8). Petitioner argues that the one-year statute of limitations does not bar his claims because the Supreme Court's rulings in *Padilla v. Kentucky*, 559 U.S. 356 (2010), *Missouri v. Frye*, 566 U.S. 133 (2012), and *Riley v. California*, 134 S. Ct. 2473 (2014), were not available to counsel during the proceedings before this court. (*Id.* at 10).

The Government responds that Petitioner's motion to vacate is untimely because the one-year limitations period expired on December 3, 2014. (*Id.*, Doc. # 12 at 5). The Government further notes that both Petitioner's trial counsel specifically deny that Petitioner requested an appeal. (*Id.*). It claims that Petitioner can raise no basis for equitable tolling because he has not shown that "any objective factor, external to his defense, prevented him from raising the arguments [in his motion to vacate] before December 3, 2014." (*Id.* at 6). Therefore, the government argues that the court should deny Petitioner's motion to vacate as untimely. (*Id.*).

The Government recognizes that a challenge to the court's subject matter jurisdiction over Petitioner's conduct cannot be procedurally defaulted. (*Id.* at 7). But, it insists that the court had subject matter jurisdiction because Petitioner was charged with a federal offense using a means of interstate and foreign commerce that affected interstate commerce. (*Id.*). Indeed, Petitioner's plea agreement stipulates that he violated Section 2252A(a)(2) and that he received pornography that had traveled through interstate and foreign commerce via the internet. (*Id.* at 7-8).

4

Petitioner replies that Section 2252A(a)(2) exceeds Congress's authority under the Constitution because he only possessed pornography within the state of Alabama. (*Id.*, Doc. # 15 at 3). He claims that he is entitled to equitable tolling because he has asserted an actual innocence claim. (*Id.*). Moreover, he should receive equitable tolling because his trial attorneys did not file a notice of appeal. (*See id.* at 3-4). He asserts, without any evidence or supporting averments, that he exercised due diligence after he discovered that his attorneys did not file a direct appeal. (*Id.* at 5). On an unspecified date, Petitioner asked his trial counsel about an appeal and was informed that the attorneys had not filed an appeal. (*Id.*, Doc. # 16 at 1).

In his supplemental motion to vacate, Petitioner claims that he is actually innocent of distributing child pornography, conduct for which he received an offense level enhancement under U.S.S.G. § 2G2.2. (*Id.*, Doc. # 17 at 4). He argues that law enforcement officers violated his constitutional rights by searching his home computer. (*Id.* at 5). He reiterates that his attorneys and the court failed to inform him about the sex offender registration requirements and that his conviction violates the federal Constitution. (*See id.* at 6, 8). The court granted the Government an opportunity to respond to these claims; the Government filed no response. (*Id.*, Doc. # 18).

Petitioner's motion for leave to amend the motion to vacate argues that the court erred in calculating Petitioner's guidelines range. (*See id.*, Doc. # 25 at 3) (describing a two level offense level enhancement the court applied for distributing pornography). Petitioner insists that the court never received evidence that he "knew about the file-sharing properties" of the software he used. (*Id.* at 4). The court concludes that Petitioner's motion for leave to amend is due to be granted, and the court will consider this claim in conjunction with the other claims made throughout this action.

**II.     Analysis**

After careful review, and for the reasons explained below, the court finds that all of Petitioner's claims are due to be denied as untimely and there is no need to hold an evidentiary hearing.

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well settled that "to obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year statute of limitations for filing a § 2255 motion. 28 U.S.C. § 2255(f). The one year limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4).

As to the first event to start the running of the statute of limitations, Petitioner's motion to vacate is late. Petitioner pled guilty to the offense on June 25, 2013 and was sentenced on November 14, 2013. (Criminal Docket, Minute Entries dated June 25, 2013, and Nov. 14, 2013).

Judgment was entered November 19, 2013. (*Id.*, Doc. # 42). Because Petitioner did not pursue a direct appeal, his conviction became final 14 days after entry of the judgment of conviction in accordance with *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000) (noting that a conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted). Thus, Petitioner's conviction was final on December 3, 2013. Under Section 2255(f)(1), Petitioner had until December 3, 2014 to file a motion to vacate. He did not do so until July 2015 – more than seven months too late.

As for the third event which can start the running of a limitations period for a motion to vacate, none of Petitioner's claims rely on a newly recognized and retroactively applicable right. *See* 28 U.S.C. § 2255(f)(3). The motion to vacate cites three Supreme Court opinions that allegedly were unavailable to counsel. (*See* Civil Docket, Doc. # 1 at 10). Of these, *Padilla v. Kentucky* and *Missouri v. Frye* were decided before the court issued Petitioner's judgment of conviction in November 2013. *See Frye*, 566 U.S. 133 (issued in March 2012); *Padilla*, 559 U.S. 356 (issued in March 2010). And, the Supreme Court's *Riley v. California* opinion did not open a new one year limitations period for Petitioner to file a motion to vacate because that opinion did not establish a rule retroactively applicable to a Section 2255 proceeding. This is so because (1) *Riley* did not announce a substantive criminal rule and (2) *Riley* did not create a watershed rule of criminal procedure. *See Austin v. United States*, 2016 WL 2795682, at *5-6 (E.D. Mich. May 13, 2016) (stating that *Riley* created a procedural rule of when a warrant was needed to search a phone and that the holding did not establish a "procedural element essential to the fairness of a proceeding").

Finally, Petitioner has not shown that he timely filed his ineffective assistance claim concerning counsel's failure to submit a notice of appeal under Section 2255(f)(4). "A § 2255

motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010). The court's analysis of timeliness under Section 2255(f)(4) begins by determining whether the petitioner exercised due diligence. *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). "Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Id.* at 712 (citations and internal quotation marks omitted).

After careful review, the court finds that Petitioner has not established his exercise of due diligence to discover whether trial counsel filed an appeal on his behalf. First, Petitioner does not allege that he wrote letters or placed phone calls to his attorney's office to discover whether an appeal had been filed. (*See* Civil Docket, Doc. # 15 at 3-5). Petitioner summarily asserts that he acted with due diligence after learning that his attorneys did not file an appeal, but he does not indicate when he asked his trial counsel about the appeal. (*See id.* at 5). (*See also* Civil Docket, Doc. # 16 at 1) ("[T]he Movant inquired as to the status of his appeal and was informed no appeal was filed by his former attorneys because there was nothing to appeal."). Second, Petitioner has not claimed that he asked trial counsel to file an appeal on his behalf. (*Cf.* Civil Docket, Doc. # 2 at 9) ("Movant contends that he was denied effective assistance of counsel on appeal because no appeal was filed and counsel did not advise the Movant that any appeal would have no merit."). Third, Petitioner has not informed the court precisely when he discovered that his counsel had not filed a notice of appeal. *See Badillo v. United States*, 2013 WL 2297172, at *3 (M.D. Ala. May 24, 2013) (relying on this omission as a factor weighing against a petitioner's

claim that he acted with due diligence). To the extent Petitioner relies on Section 2255(f)(4) in support of this motion's timeliness, he fails to allege that he acted with due diligence.

Indeed, Petitioner's own filings indicate that a reasonably diligent prisoner would have learned that trial counsel did not file a notice of appeal upon his or her first call to Petitioner's trial attorneys. Petitioner does not allege that counsel hid this fact from him or failed to respond to his communications. Even if Petitioner's allegations are accepted as true, a reasonably diligent prisoner would have discovered that trial counsel failed to file a notice of appeal before July 2014, either by communicating with trial counsel or by communicating with the court. Therefore, Petitioner's ineffective assistance claim regarding counsel's failure to file a notice of appeal is untimely. *See Long*, 626 F.3d at 1169.

Petitioner's arguments for equitable tolling hold no water. The court recognizes that "in the proper case § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, equitable tolling is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id.* (citations omitted). Additionally, the court is mindful that equitable tolling is an "extraordinary remedy which is sparingly applied." *Williams v. United States*, 491 F.3d 1282, 1284-85 (11th Cir. 2007). Petitioner claims that the limitations period should be tolled because his trial counsel failed to file a notice of appeal or inform him that no appeal was filed. (Civil Docket, Doc. # 15 at 3-4). But, Petitioner's "failure to demonstrate the due diligence required by § 2255(f)(4) prevents [him] from availing himself of the benefits of equitable tolling." *Badillo*, 2013 WL 2297172, at *4 (noting that a petitioner must show extraordinary circumstances and due diligence to receive the benefit of equitable tolling).

Likewise, Petitioner's claims of actual innocence are meritless. A habeas petitioner may overcome a statute of limitations if he or she proves actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). It is well settled, though, that a viable actual innocence claim is "rare," as a petitioner must show "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To demonstrate actual innocence, a petitioner must show that he or she is factually innocent of the criminal conduct, not merely that there was insufficient evidence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner has presented no evidence to contradict his stipulations in the plea agreement that he received hundreds of videos and images of child pornography over the internet and that the images had traveled in interstate commerce over the internet. (Criminal Docket, Doc. # 26 at 4-5). Petitioner's claim that he is actually innocent of a guidelines enhancement he received does not allege an actual innocence claim because the "actual innocence of sentence exception does not apply to claims that the guidelines were misinterpreted to produce a higher guidelines range than would otherwise have applied." *Gilbert v. United States*, 640 F.3d 1293, 1322-23 (11th Cir. 2011) (*en banc*).

Petitioner's additional claims in the supplemental motion to vacate (Civil Docket, Doc. # 17) and the motion to amend (*Id.*, Doc. # 25) present no claim that would be subject to a limitations period besides that found in Section 2255(f)(1). Accordingly, these claims are untimely, regardless of whether they refer back to the date of filing of the original motion to vacate. While the Government concedes that Petitioner's challenge to the court's subject matter jurisdiction over the criminal action is not subject to procedural default (*see* Civil Docket, Doc. # 12 at 7), the Eleventh Circuit has applied the one year limitations period in Section 2255(f) to bar

jurisdictional claims.[2] *Williams v. United States*, 383 F. App'x 927, 929-30 (11th Cir. 2010). Therefore, all of Petitioner's claims in this action are due to be denied as untimely.

A petitioner under Section 2255 is entitled to an evidentiary hearing if he alleges "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 715 n. 6 (11th Cir. 2002). The court need not hold an evidentiary hearing if a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous." *Id.* The court does not need to hold an evidentiary hearing to resolve Petitioner's claims because the record demonstrates that they are untimely.

**IV.    Conclusion**

Because Petitioner failed to timely file, the Motion to Vacate, Set Aside, or Correct Sentence (Civil Docket, Doc. # 1) is due to be denied. A separate order dismissing this case will be entered.

**DONE** and **ORDERED** this April 24, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2] Even if Petitioner's jurisdictional claim was timely (and, to be clear, it is not), Petitioner still would not be entitled to habeas relief. Binding precedent forecloses his claim that Section 2252A exceeds Congress's authority under the Necessary and Proper Clause of the Constitution. *United States v. Maxwell*, 446 F.3d 1210, 1219 (11th Cir. 2006) (holding that "18 U.S.C. § 2252A is a valid exercise of Congress's authority pursuant to the Necessary and Proper Clause" when applied to intrastate production and possession of child pornography).